In re Robert C. MONTGOMERY and Marianne M. Montgomery, Debtors.

Robert C. MONTGOMERY, Marianne M. Montgomery and Frederick L. Reigle, Chapter 13 Trustee, Plaintiffs,

v.

HAMILTON BANK, and Trifon N. Skiadas, Nondas N. Skiadas, George N. Skiadas, Peter N. Skiadas, and Harry Keares, co-partners, trading as Skiadas Bros. Enterprises, Defendants.

Bankruptcy No. 82–01897 T.
Adv. No. 83–0997.

United States Bankruptcy Court,
E.D. Pennsylvania.

Oct. 2, 1984.

Jacques Geisenberger, Jr., Lancaster, Pa., for debtors.

Alexander Henderson, III, Lancaster, Pa., for Hamilton Bank.

Dale E. Lapp, Lancaster, Pa., for Skiadas Bros. Enterprises.

Frederick L. Reigle, Reading, Pa., Trustee.

## MEMORANDUM OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

The issue before us is whether the plaintiffs are entitled to a voluntary dismissal of this adversary proceeding pursuant to Bankruptcy Rule 7041. For the reasons hereinafter given, we shall dismiss the adversary proceeding with prejudice and in accordance with other terms.[1]

The plaintiffs' complaint, which initiated this adversary proceeding, essentially claims that a mortgage assignment from plaintiff Robert C. Montgomery to defendant Hamilton Bank was not properly perfected and is invalid. The mortgagors are the defendants trading as Skiadas Bros. Enterprises (hereinafter "defendants Skiadas"). In the complaint, the plaintiffs, based upon their contention that the mort-

1. This Memorandum Opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

gage obligation of the defendants Skiadas was, and still is, payable to them rather than to Hamilton Bank, seek various types of relief against the defendants. The plaintiffs have now concluded, however, that they would not prevail in this adversary proceeding, and therefore, have filed their instant motion for its voluntary dismissal pursuant to Bankruptcy Rule 7041. Hamilton Bank consents to the dismissal, but defendants Skiadas oppose it.

During the interim between the filing of the complaint and the motion for voluntary dismissal, debtor Robert C. Montgomery and Hamilton Bank confessed judgment against defendants Skiadas on the mortgage obligation in state court. Defendants Skiadas then filed in state court a petition to strike or open the confessed judgment, which is still pending. Also during this period of time, defendants Skiadas filed in our court a motion for leave to deposit money into court, to which the plaintiffs and Hamilton Bank have responded.[2] The motion requests entry of an Order (1) directing defendants Skiadas to pay accrued monthly payments and future monthly payments under the mortgage obligation into the registry of the court, (2) relieving defendants Skiadas from further liability to either the plaintiffs or Hamilton Bank beyond the monthly payments, and (3) permitting defendants Skiadas to claim their attorneys' fees from the funds deposited. The motion alleged that the Order was requested because conflicting demands for the money had been made on defendants Skiadas by the plaintiffs and Hamilton Bank and that the latter were, in bad faith, attempting to accelerate the indebtedness due under the mortgage obligation.

Bankruptcy Rule 7041 incorporates Rule 41 of the Federal Rules of Civil Procedure, which states, in relevant part:

"(a) Voluntary Dismissal: Effect Thereof....

(2) By Order of Court. Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."

Rule 41(a)(2), F.R.C.P.

In opposing the plaintiffs' motion for voluntary dismissal, the main contention of defendants Skiadas is that their motion for leave to deposit money into court is in effect a counterclaim for interpleader and that, therefore, the adversary proceeding should not be dismissed unless their "counterclaim" can remain pending for our independent adjudication. It is true, as defendants Skiadas point out, that a defendant may file a counterclaim for interpleader. Bankruptcy Rule 7022; Rule 22, F.R.C.P. However, defendants Skiadas simply did not file a counterclaim nor did they file any type of interpleader action. Rather, their motion was brought pursuant to Bankruptcy Rule 7067, which incorporates Rule 67, F.R.C.P. (Deposit in Court). Defendants Skiadas cite, without discussion, only one case, *Bank of China v. Wells Fargo Bank and Union Trust Co.*, 209 F.2d 467 (9th Cir.1951), in support of their contention. However, this case involved a defendant bank who was ordered by the trial court, during the pendency of the case, to pay into court money that was subject to conflicting claims. The issue before the court was at what point in time the defendant was relieved of its obligation to pay interest on the money. The court found, not surprisingly, that such obligation ended on the date that the money was deposited into

---

**2.** By agreement of all of the parties, no further action was taken with regard to either the state court proceeding or defendants Skiadas' motion until this Court rules on the present motion for voluntary dismissal.

court, and explained its finding at 209 F.2d 475:

"At that time, parties claiming adverse interests in the fund were before the court and Wells Fargo's position became akin to that of an interpleader and involuntary stakeholder who has divested himself of all claims to the fund and who is no longer enjoying any benefit therefrom."

In *Bank of China, supra,* the trial court's order requiring the defendant to pay the money into court was not done at the request of the defendant nor pursuant to any pleading of the defendant. In fact, in rejecting the defendant's contention that its interest obligation should have ended sooner, the court specifically noted that the defendant had failed to avail itself of the use of, *inter alia,* Rule 22, F.R.C.P., which could have been used by the defendant well before the trial court's order. *Bank of China* did not involve, and contained no discussion of, the question of under what circumstances a pleading should be considered a counterclaim, a motion or complaint for interpleader, or anything else. Therefore, *Bank of China* provides no support whatsoever for defendants Skiadas' position.

For the foregoing reasons, we reject the argument of defendants Skiadas that we should consider their motion to be a counterclaim for purposes of Bankruptcy Rule 7041.

Defendants Skiadas also argue that they would be substantially prejudiced by the dismissal of the adversary proceeding and that, therefore, in our discretion, we should deny the motion for voluntary dismissal. They contend that there are two important issues before us on their motion that are not at issue in the aforementioned state court proceeding. The issues are whether the attempted acceleration of the mortgage indebtedness is proper and whether they should be awarded attorney's fees. The plaintiffs and Hamilton Bank do not agree that these issues are not properly before the state court, and we question whether the record in our case demonstrates that these issues are not subject to disposition in the state court proceeding. However, even assuming *arguendo* that the characterization of the state court proceeding by defendants Skiadas is correct, they have failed to show both (1) that they cannot raise these issues in state court in some manner, in connection with the present state court proceeding or otherwise, and (2) that it was not through their own failure to raise these issues that the issues are not now properly before the state court. Therefore, we cannot find that defendants Skiadas would be prejudiced by our dismissal of the adversary proceeding.[3]

For all of the foregoing reasons, the plaintiffs' motion for voluntary dismissal shall be granted and this adversary proceeding shall be dismissed with prejudice and in accordance with the other terms set forth in our accompanying Order.

## ORDER

AND NOW, this 2nd day of October, 1984, in accordance with the foregoing Memorandum Opinion, it is ORDERED that the within Adversary Proceeding is, pursuant to Bankruptcy Rule 7041, hereby DISMISSED with prejudice and it is further ORDERED that:

(a) Hamilton Bank shall not attempt to assert that its $3,428.37 charge card claim against the debtors is secured by the mortgage assignment; and

(b) Hamilton Bank shall not voluntarily deaccelerate the mortgage without the agreement of the plaintiffs.

3. It is also clear to us that the debtors' bankruptcy estate would in no way be diminished or harmed by the dismissal of this adversary proceeding.